IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**JACQUALINE CRAWLEY,**

      **Petitioner,**

v.                                      Case No. 1:13-cv-21715

**SANDRA BUTLER[1], Warden,**
**FPC Alderson,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, which was filed on July 11, 2013. (ECF No. 1). The petitioner has paid the $5.00 filing fee. (ECF No. 4). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND THE PETITIONER'S PRESENT CLAIM

On January 18, 2011, the petitioner was sentenced, in an Amended Judgment, to serve a total of 120 months in prison[2], followed by a three (3) year term of supervised

---

[1] Sandra Butler is the current Warden at FPC Alderson. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk is directed to substitute Sandra Butler in place of Myron L. Batts as the respondent herein. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the proper respondent to a habeas corpus petition is the petitioner's immediate custodian).

[2] The petitioner was convicted of one count of conspiracy to defraud the United States, three counts of health care fraud, and 13 counts of making false statements related to health care matters in two separate criminal actions filed in the United States District Court for the Southern District of Mississippi. (*See United States v. Crawley*, Case No. 1:07-cr-00124-LG-RHW-4 and *United States v. Crawley*, Case No. 1:07-cr-00125-LG-RHW-4). On July 8, 2009, the petitioner was sentenced to 60 months in prison on the conspiracy and each of the false statement counts, and 120 months on each of the health care fraud counts. The sentences for each count of conviction were ordered to run concurrently. Then, on January

release. The petitioner was also ordered to pay a total of $32,058088.71 in restitution, jointly and severally with her co-defendants. The Judgment specified that "Payment shall begin during incarceration with any unpaid balance to be paid at a rate of $2,500 per month. No further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered the compensable injury." (ECF No. 7, Resp. Ex. 1, Attach. A, Judgment in Criminal Cases, Case No. 1:07-cr-125 and 1:07-cr-124).

Although not addressed in the respondent's Response to the Order to Show Cause, a review of the docket sheets in both of the petitioner's criminal matters indicates that, on July 21, 2009, the petitioner filed a Motion to Reconsider Sentence, in which she challenged both the amount of loss attributed to her to pay in restitution and her ability to pay the restitution. (*See* Case No. 1:07-cr-124, ECF No. 141; Case No. 1:07-cr-125, ECF No. 169). The petitioner asserted that, it is clear from the facts adopted by the sentencing court in the Presentence Report, that the petitioner did not have the assets to pay more than nominal restitution at that time or in the future. (*Id.* at 6-7). The sentencing court denied the Motion to Reconsider Sentence in both cases via a "Text Only" Order entered on September 1, 2009.

Then, on January 28, 2010, the petitioner filed a letter-form Motion to Waive Restitution Payments in both cases. (Case No. 1:07-cr-124, ECF No. 158; Case No. 1:07-cr-125, ECF No. 193). In that motion, the petitioner essentially made the same request she is now making to have her restitution payments waived while she is incarcerated. That motion was denied in both cases by the sentencing court on February 22, 2010.

---

18, 2011, the District Court entered Amended Judgments in both cases which appear to correct a list of restitution payees and to modify the allocation of restitution among payees. (*See* Case No. 5:07-cr-00124, ECF No. 167; Case No. 5:07-cr-00125, ECF No. 205).

(Case No. 1:07-cr-124, ECF No. 159; Case No. 1:07-cr-125, ECF No. 194). The Order denying the Motion to Waive Restitution Payments states in pertinent part:

> Crawley now requests that the Court modify the agreement she made with her case worker within the Bureau of Prisons to pay her restitution at the rate of $25 per quarter. She asserts that the payments are too onerous while she is incarcerated and requests that the Court modify the Judgment to require her to begin paying restitution after she is released from incarceration. However, the Court is without authority to make changes to Defendant's agreement with the Bureau of Prisons. Further, the request to modify the Judgment will be denied because it is contrary to the rehabilitative goals of the sentence imposed by the Court.

(*Id.*)

The petitioner appealed her Amended Judgment to the United States Court of Appeals for the Fifth Circuit, which affirmed the Amended Judgment on March 6, 2012. (*United States v. Crawley*, Nos. 11-60061, 11-60065, 463 Fed. Appx. 418. 2012 WL 715068 (5th Cir., Mar. 6, 2012)). The petitioner subsequently filed the instant section 2241 petition in this court.

The instant petition, which is hand-written and not on the form usually used to file a section 2241 petition, requests that the court issue a writ of habeas corpus to relieve her of her responsibility to pay any restitution while she is incarcerated. (ECF No. 1 at 1). The petitioner emphasizes that she is relying only upon her pay at FPC Alderson, and that her husband, who is on disability, has limited financial resources to assist her. (*Id.*) The petition neither states what payments the petitioner is presently required to make, nor what attempts the petitioner has made to address this issue through the Bureau of Prison's (hereinafter "BOP") administrative remedy process.

On November 18, 2013, the undersigned issued an Order to Show Cause directing the respondent to file a response to the petitioner's section 2241 petition. (ECF No. 3).

3

The respondent, by counsel, filed a response to the petition on January 3, 2014. (ECF No. 7).

According to the response, the petitioner is currently participating in the "Inmate Financial Responsibility Program" (hereinafter "IFRP") and her payment schedule is set at $50 per month, based upon her last six months of commissary deposits, which totaled $993.26. (*Id.* at 2 and Ex. 1, ¶¶ 5-6, and Attach. B, Relevant Page of Inmate Profile). The petitioner's IFRP data indicates that she has paid the $100 special assessment in Case No. 1:07-cr-124, and still owes $17,436,256.05 in restitution in that matter. Nothing has been paid in Case No. 1:07-cr-125. (*Id.* at 2 and Ex. 1, Attach. C, IFRP Data). The response further asserts that the petitioner's inmate account documents indicate that she has spent large amounts of money on non-necessity items in the commissary, including $4,537.20 spent between January 10, 2010 and November 19, 2013, despite the fact that the petitioner was absent from FPC Alderson for approximately 4 ½ months during that time on a federal writ. (ECF No. 7 at 3 and Ex. 1, ¶¶ 8-10 and Attach. C and D). The respondent further notes that the petitioner only paid $1,133 toward her court-ordered financial obligations. (*Id.*) The response further asserts that the petitioner did not exhaust her administrative remedies prior to filing her petition, and that the BOP properly exercised its authority in setting the petitioner's restitution payments. (ECF No. 7 at 4-8).

On April 2, 2014, after being granted an extension of time, the petitioner filed a Reply. (ECF No. 10). The petitioner's Reply contends that she was not required to exhaust her administrative remedies because to do so would have been futile. (*Id.* at 1-2). The petitioner contends that the BOP has predetermined its remedy process concerning the IFRP, and that FPC Alderson "prefers no[t] to follow BOP Policy but

prefers to set their own rules when it comes to collecting court financial obligations." (*Id.* at 2). Accordingly, the petitioner asserts that she should be excused from the exhaustion requirement. (*Id.*)

The petitioner further contends that the court improperly delegated its core judicial function under 18 U.S.C. § 3664 because it did not consider the petitioner's financial resources when ordering the petitioner to pay restitution while incarcerated. (*Id.*) The petitioner also cites a decision by the United States Court of Appeals for the Ninth Circuit in which, she contends, the court disagreed with the BOP's execution of the IFRP program. *See Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012). (ECF No. 10 at 3-4). In *Ward*, the Ninth Circuit reasoned that a restitution order that ordered that restitution was "due immediately," but which did not include a payment schedule set by the court, could not properly be paid through the IFRP. 678 F.3d at 1050-1052. (*Id.*) The *Ward* decision, however, is not binding on this court, and conflicts with binding Fourth Circuit precedent.

Finally, the petitioner contends that her financial circumstances have changed since her incarceration and that she has a legitimate basis to seek relief under 18 U.S.C. § 3664, which permits the sentencing court to review a restitution order where the defendant can show a change in financial circumstances. (ECF No. 10 at 4).

The undersigned will address each argument in turn.

## ANALYSIS

### A.  Overview of the IFRP.

A federal prisoner's challenge to scheduled restitution payments under the IFRP is properly raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241

because it is a challenge to the execution of a BOP administrative program, rather than a challenge to the inmate's judgment itself.

The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order.[3] *See* 28 C.F.R. § 545.10-545.11. The "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine." *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *see also Coleman v. Brooks*, 133 Fed.Appx. 51 (4th Cir. 2005) (*citing, Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). In the instant case, the sentencing court ordered that restitution was "due immediately" and specifically directed that "payment shall begin during incarceration . . . ."

Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. *Coleman v. Brooks*, 133 Fed.Appx. 51, 53 (4th Cir. 2005); *see also United States v. Caudle*, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008) (when a court orders that payment is due immediately, the court sets the required amount and time for payment of the monetary penalty). The BOP is not limited to considering only an inmate's ability to earn wages while in prison, but may consider all funds received by an inmate. *See* 28 C.F.R. § 545.11(b) (stating that "[p]ayments may be made from institution resources or non-institution (community) resources").

---

[3] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's progress in the IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

### B. The petitioner failed to exhaust her administrative remedies.

The respondent asserts that the petitioner failed to exhaust her administrative remedies prior to filing her section 2241 petition. (ECF No. 7 at 4-5). In fact, the respondent asserts that the petitioner failed to file any administrative remedies challenging the amount that was set for her to pay through the IFRP. Accordingly, the respondent asserts that this matter should be dismissed for failure to exhaust administrative remedies. (*Id.*)

The petitioner contends that the exhaustion process would be futile, because the BOP "has a predetermined issue in regards to the [IFRP.]" (ECF No. 10 at 2). Thus, she asserts that the exhaustion requirement should be excused. (*Id.*) She cites authority supporting a district court's discretion to waive the requirement when exhaustion is futile. *See Larue v. Adams*, No. 1:04-cv-00396, 2006 WL 1674487 *7-8, Faber, CJ (S.D. W. Va. Jun. 12, 2006); *Reeder v. Phillips*, No. 1:07-cv-00138, 2008 WL 2434003 *3 (N.D. W. Va. June. 12, 2008)." (*Id.*)

Although the United States concedes that the district court has the discretion to waive the exhaustion requirement (ECF No. 7 at 4), the undersigned cannot find that the exhaustion process would be futile. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to exhaust her administrative remedies and that dismissal of her section 2241 petition on that basis would be warranted.

### B. The determinations concerning the petitioner's IFRP payments were a proper exercise of BOP authority.

The respondent further asserts that the BOP's establishment of a payment schedule under the IFRP does not constitute an improper delegation of authority by the courts. *See United States v. Watkins,* 161 Fed. Appx. 337 (4th Cir. 2006); *see also Webb*

7

*v. Hamidullah*, 2006 WL 1946441 (D.S.C. Jul. 11, 2006) (unpublished) (finding that IFRP is not an improper delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made); *Martin v. United States*, 2006 WL 231485 (N.D.W. Va. Jan. 31, 2006) (finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order.'")

The petitioner's reliance on *Ward v. Chavez* is misplaced, as it is not binding authority, and this court is bound by precedent from the United States Court of Appeals for the Fourth Circuit, which has held that a judgment order need not contain a schedule of restitution payments to be made during a period of incarceration. *See, e.g., United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000).

Liberally construing the petition, to the extent the petitioner is contending that participation in the IFRP violates her due process rights, the undersigned finds her claims to be without merit. *See Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990) (finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. *Id.*; *see also Cupp v. Reed*, 2009 WL 277554 (N.D. W. Va. Feb. 5, 2009) (finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution").

8

The BOP's determination of the petitioner's IFRP payments is a proper function under its authority, policies and procedures. It is not a proper function for the court, as the court ordered that restitution was "due in full immediately." Moreover, the petitioner has available to her administrative remedies that she can pursue in an attempt to have the BOP revisit her ability to make the required restitution payments. Thus, even if the petitioner could overcome the failure to exhaust her administrative remedies, she has not demonstrated that her participation in the IFRP (or the consequences of her failure to comply therewith) violates any right secured by the constitution or laws of the United States.

### C. The petitioner is not entitled to relief under 18 U.S.C. § 3664(k).

The petitioner also asserts that, because her financial circumstances have changed since her incarceration, she has a legitimate basis to seek relief under 18 U.S.C. § 3664. Subsection (k) of section 3664 permits the sentencing court to modify a defendant's restitution order to adjust a payment schedule or to require immediate payment in full, following notification of any material change in the defendant's financial circumstances. 18 U.S.C. § 3664(k). However, it is well-settled that section 3664(k) cannot be used to modify or suspend restitution payments made through the IFRP. *See, e.g., United States v. Diggs,* 578 F.3d 318, 320 (5th Cir. 2009).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petition fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

 June 11, 2014

Dwane L. Tinsley
United States Magistrate Judge